NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DANIEL RAWLSTON,                         )
                                         )
         Appellant,                      )
                                         )
v.                                       )    Case No. 2D12-6430
                                         )
STATE OF FLORIDA,                        )
                                         )
         Appellee.                       )
_____  )

Opinion filed October 8, 2014.

Appeal from the Circuit Court for Polk
County; John K. Stargel, Judge.

Howard L. Dimmig, II, Public Defender,
and Allyn M. Giambalvo, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

        Daniel Rawlston appeals his sentences imposed after violation of

probation.  The State correctly concedes error, and we reverse and remand for

resentencing.

        The State charged Rawlston with eight counts of committing a lewd,

lascivious, or indecent act upon a child under the age of sixteen for events that occurred

on January 1, 1997. Rawlston entered pleas of no contest pursuant to a negotiated plea agreement, and the trial court sentenced him to concurrent terms of eight years in prison, followed by fifteen years' probation.

Rawlston served the incarcerative portion of his sentences but did not comply with the terms of his probation. Ultimately, the trial court revoked his probation and sentenced him to consecutive terms of fifteen years in prison for counts one, two, and three; a consecutive term of thirteen years in prison for count four; and concurrent terms of three years' probation for counts five through eight, to run consecutively to counts one through four, totaling fifty-eight years in prison followed by three years of probation. Absent a departure sentence, these sentences exceed the maximum guidelines sentence of 24.625 years that could be imposed for Rawlston's convictions under the 1994 guidelines. See Fla. R. Crim. P. 3.702(d)(19) ("The total sentence shall be within the guidelines sentence unless a departure is ordered."); Ault v. State, 866 So. 2d 674, 687 (Fla. 2003) (explaining that because chapter 95-182, Laws of Florida, was declared unconstitutional, the 1994 sentencing guidelines apply for those convicted of crimes that occurred after October 1, 1995, and before May 24, 1997). Accordingly, we reverse Rawlston's sentences and remand for the trial court to impose lawful sentences.

Reversed and remanded.

KELLY, MORRIS, and SLEET, JJ., Concur.